UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICAH JAMES WILSON,

Plaintiff,

v.

POLK COUNTY JAIL; POLK COUNTY SHERIFF; ERIC HEITE; RICHARD BITTICK; JHON DOES; JANE DOES,

Defendants.

Case No. 2:25-cv-02442-AP

**OPINION AND ORDER**

POTTER, Magistrate Judge.

Plaintiff, a self-represented adult in custody (AIC), filed this civil rights action pursuant to 42 U.S.C. § 1983, and alleged that Polk County jail officials subjected him to conditions of confinement that violated his rights under the Fourteenth Amendment. Defendants now move for summary judgment on grounds that Plaintiff failed to exhaust the Polk County Jail grievance process before filing suit.

The parties have consented to final resolution of this action by the undersigned magistrate judge. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons explained below, I find that Plaintiff exhausted available administrative remedies for two of his claims. Therefore, Defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff was a pretrial detainee at the Polk County Jail from September 17, 2025, through December 2, 2025. Bittick Decl. ¶ 3 (ECF No. 31). Plaintiff's Amended Complaint alleges that "from November 13th 2025 through November 18th 2025," he was subjected to unconstitutional conditions while "housed in a Holding cell for 5 days." Am. Compl. at 6 (ECF No. 21); *see Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (explaining that, under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions that "amount to punishment"). Plaintiff claims that he "was exposed to 24/7 light, no Recreation yard, no natural light" and denied the opportunity to "decontaminate" his cell, which was filled "with bed bugs, fleas, ants, phecal (sic) matter, and all other manner of deplorable living conditions." Am. Compl. at 6. Plaintiff also alleges that Polk County jail staff "maliciously would slam" a "large unit door" "all day and night" to keep him awake. *Id.* Construed liberally, Plaintiff brings Fourteenth Amendment claims based on: 1) continuous indoor lighting; 2) lack of natural light; 3) denial of recreation time; 4) unsanitary cell conditions; and 5) sleep deprivation.

Plaintiff spoke to a corporal and filed three formal grievances and three requests concerning the conditions of his confinement between November 13 and 18, 2025. *Id.*; Bittick Decl. ¶ 9 & Ex. 102.

On November 15, 2025, Plaintiff submitted Grievance #625214141 and stated, "I have been in booking since Nov 13th when I was put on ad seg since then I have been in a cell with 24/7 light exposure." Bittick Decl. Ex. 102 at 3-4. Plaintiff also submitted Grievance #625216471, claiming "Ive (sic) been in a cell with no visibility to natural light since nov 13th." *Id*. at 8-9. Jail staff responded that "[h]ousing assignments and disciplinary matters are not

grievable" and deemed the grievances "Unfounded." *Id.* at 4, 9. On November 16, 2025, Plaintiff escalated both grievances to Level 2 and explained that he was "grieving the unconstitutional living conditions" rather than a disciplinary action and that "the action that can be taken to fix this is permanently black listing this cell." *Id.* at 3-4, 8-9.

On November 17, 2025, Sgt. Kong responded to both Level 2 appeals and explained that Plaintiff was "appropriately housed" due to an escape attempt and his "escape risk." *Id.* at 3, 8. The same day, Plaintiff appealed the grievances to Level 3 and complained that jail officials do not "have the right to take away someone's 8th amendment right to protection from cruel and usual punishment." *Id.*

On November 18, 2025, Plaintiff was moved to a new cell. The next day, Lt. Bittick responded to both Level 3 appeals:

> Your behavior and actions are dictating your housing. Your behavior and actions have shown that we need to house you in a camera cell in a unit that is more secure than a general population unit…. Since you have filed this grievance you have been move[d] to a cell outside of the booking unit. If you follow the rules of the facility and the laws of the state of Oregon, your housing situation will improve. Your grievance is unfounded and rejected.

*Id.* Plaintiff reviewed Lt. Bittick's responses and filed no further appeals.

Plaintiff also submitted Grievance #625215451 on November 15, 2025, and complained, "I've been on ad seg since Nov 13th with no acsess (sic) to rec yard I'm constitutionaly (sic) entitled to 5 hours a week." *Id.* at 5-6. Jail staff responded, "Ad Seg is a classification which is limited on what is and isn't allowed. Rec yard isn't allowed on your current status. Unfounded." *Id.* at 6. On November 16, 2025, Plaintiff escalated the grievance to Level 2, and Sgt. Kong responded that "Rec yard is a privilege that can be lost due to disciplinary conduct, which you have done." *Id.* at 5. Plaintiff appealed to Level 3, and on November 21, 2025, Lt. Bittick responded, "Due to your actions and behavior you have been deemed a safety and security threat

and you will not receive recyard until you demonstrate prolonged improved behavior. Your grievance is denied." *Id.* Plaintiff took no further action to pursue this grievance. *Id.*

Plaintiff also filed three requests related to the condition of his cell in the holding area. On November 18, 2025, Plaintiff filed Request #626264681 and requested a cleaning cart "to completely decontaminate my cell and everything inside," because "[t]here are fleas, bed bugs, and ants in this cell [and] the walls are filthy[.]" *Id.* at 7. Plaintiff explained, "When I first came in I asked to clean my cell and an orderly was called down to do it[,] it was not done well." *Id.* Plaintiff was moved to a new cell that day and on November 21, 2015, a staff member responded accordingly and closed the request. *Id.*

On December 2, 2025, Plaintiff filed Requests #630789061 and #629972131 and requested "kytes" for Cpl. Heite and Lt. Bittick to seek "compensation for pain and suffering" caused by the conditions of his cell from November 13 to November 18, 2025. *Id.* at 1-2. Cpl. Heite denied the request, Lt. Bittick referred Plaintiff to his responses to Grievances #625214141, #625215451 and #625216471, and the requests were closed. *Id.*

Based on this record, Defendants move for summary judgment on grounds that Plaintiff did not exhaust the Polk County Jail grievance process before filing suit, as required by the Prison Litigation Reform Act (PLRA).

## LEGAL STANDARD

Summary judgment is warranted when, based on the pleadings, depositions, and other interrogatories and admissions on file, together with the affidavits, if any, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a

defendant is entitled to summary judgment under Rule 56."). A dispute is considered "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could affect the outcome of the case; disputes about irrelevant or unnecessary facts do not preclude summary judgment. *Id.* And the materiality of the fact is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Whether there is a genuine issue of material fact is often a close question. *Id.* Thus, the moving party bears an initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *T.W. Elec. Ser., Inc.*, 809 F.2d at 630 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party cannot merely rely on allegations in the pleadings or claims that it will discredit the moving party's evidence at trial. *Id.* But neither party need prove any fact conclusively at this stage. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party and when evidence conflicts, the court "must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." *Id.* at 631. At bottom, "if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied. *Id.*

Because Plaintiff is self-represented, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Walker v. Beard*, 789 F.3d 1125, 1133 (9th Cir. 2015). However, Plaintiff is not relieved of the "obligation to show a genuine issue of material fact for trial through the presentation of specific, admissible evidence." *Epling v. Komathy*, No. 10-cv-5862-GAF (RNB), 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011).

**DISCUSSION**

Under the PLRA, an AIC must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the relevant administrative process. *Woodford v. Ngo,* 548 U.S. 81, 84, 93 (2006). To comply with the exhaustion requirement, an AIC must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting *Woodford*, 548 U.S. at 88).

If the defendant shows that the plaintiff AIC did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Ross v. Blake*, 578 U.S. 632, 642 (2016) (explaining that "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of'") (citation omitted).

The Polk County Jail Inmate Manual sets forth the jail's "Grievance Procedure" and four levels of review. Bittick Decl. Ex. 101 at 9-10. At Level 1, an AIC must "[i]nform a staff member" that the AIC intends to file a grievance and "explain the issue" to be grieved. *Id.* at 9. "The involved staff member will be notified and attempt to resolve the grievance informally,"

and if the issue is not resolved, the AIC "may submit a grievance form on the kiosk in your housing unit" within five days of the incident. *Id.* If the issue is not resolved at Level 1, the AIC may appeal by "submitting a 'Level 2' grievance to a sergeant within five days of receiving the [Level 1] response." *Id.* at 10. If the sergeant does not resolve the issue at Level 2, the AIC "may appeal their response by submitting a 'Level 3' grievance to the Jail Commander within five days of receiving the [Level 2] response." *Id.* Finally, if the Jail Commander "is unable to resolve" the grievance issue at Level 3, the AIC "may appeal their response by submitting a 'Level 4' grievance to the Captain within five days of receiving the [Level 3] response." *Id.* "A grievance will be considered 'fully exhausted' when [an AIC has] properly filed an appeal at every available level." *Id.*

Plaintiff alleges that he complained to a corporal about his housing conditions, including the lack of recreation time and natural light, continuous indoor lighting, and other "conditions" in his cell. Am. Compl. at 6. Defendants do not dispute this allegation for purposes of their summary judgment motion, and if accepted, it supports a finding that Plaintiff attempted an information resolution of his complaints at Level 1. As described above, Plaintiff also filed three formal grievances related to the conditions of his confinement between November 13 and November 18, 2025, and he appealed and escalated all three grievances to Level 3. However, Plaintiff did not submit a Level 4 appeal for any of his grievances, and Defendants thus argue that summary judgment is warranted for Plaintiff's failure to exhaust the available grievance process.

Plaintiff responds that he was not required to escalate his grievances to Level 4, because on November 18, 2025—after he escalated his grievances to Level 3—he was moved to a new cell out of the jail's holding area and obtained the relief he sought. Plaintiff maintains that once

he was moved to a different cell, he "no longer had any available remedies" and had "fully exhausted" his grievances "in accordance with the inmate manual." Pl.'s Response to Mot. Summ. J. at 4 (ECF No. 41).[1]

Defendants counter that "it is not a change in the AIC's circumstances that renders a grievance unappealable/exhausted, but rather, the institution's final response to the grievance that is dispositive." Defs.' Reply at 3 (ECF No. 42). Defendants argue that Plaintiff "conflates available remedies with available grievance processes," and that, regardless of whether relief is available, Plaintiff "must fully exhaust available administrative grievance remedies *processes*." *Id.* at 7. Defendants thus contend that because Lt. Bittick denied Plaintiff's grievances and deemed them unfounded at Level 3, Plaintiff was required to escalate his appeal to Level 4, even though he had moved from the holding cell and obtained a measure of the relief he sought.

Defendants are correct that the PLRA requires an AIC to exhaust all administrative grievance processes, "not forms of relief," in accordance with institutional rules. *Booth v. Churner*, 532 U.S. 731, 739 (2001). To that end, the PLRA mandates "procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." *Id.* However, the PLRA does not require further steps to exhaust "when *no* pertinent relief can be obtained through the internal process." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the

---

[1] Plaintiff further expounded on this argument in a Sur-Reply that was filed without leave of Court. Pl.'s Sur-Reply (ECF No. 43); *see* L.R. 7-1(e)(3) (Local Rule providing that further briefing beyond a reply requires permission from the Court). Defendants move to strike Plaintiff's Sur-Reply for this reason, and, in turn, Plaintiff moves to strike Defendants' Motion to Strike. Plaintiff's Sur-Reply does not raise new factual or legal arguments and both motions to strike are denied. Plaintiff is cautioned that he must comply with the Local Rules of this Court and obtain permission before filing documents that are not allowed by the Local Rules.

prisoner need not further pursue the grievance." *Id.* Consequently, an AIC "need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." *Id.* The Polk County Jail Grievance Procedure reflects this exhaustion principle by providing that an appeal and escalation to the next level is required if the grievance is not "resolved" at a lower level. Bittick Decl. Ex. 101 at 9-10.

In Grievances #625214141 and #625216471, Plaintiff complained about continuous "24/7" indoor lighting and the lack of natural light, and he sought to be moved from a cell in the holding area—or, as he phrased it, to "blacklist" that cell. Bittick Decl. Ex. 102 at 3-4, 8-9. Even if Lt. Bittick disagreed with Plaintiff's assertion that the conditions were unconstitutional and "rejected" the basis of Grievances #625214141 and #625216471, it is undisputed that jail officials moved Plaintiff to a new cell at Level 3 of the grievance procedure and afforded Plaintiff the relief he sought. Bittick Decl. ¶ 10; *id.* Ex. 102 at 3, 8. In fact, Lt. Bittick's Level 3 response emphasized Plaintiff's move to a new cell and his declaration further acknowledges that Plaintiff "was moved to a different cell, outside of booking, … thereby *fully resolving his Grievances within just a few days*." Bittick Decl. ¶ 10 (emphasis added).

Construing all the facts and inferences in the light most favorable to Plaintiff, Polk County Jail officials granted Plaintiff at least partial relief by moving him to a new cell and resolving his complaints about lighting conditions in his holding area cell. Because Grievances #625214141 and #625216471 were resolved at Level 3, neither the jail's grievance policy nor the PLRA required him to proceed to Level 4. *See Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) ("An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies."); *see also Skinner v. Ryan*, No.

12-cv-1729-PHX-SMM, 2015 WL 3830627, at *6 (D. Ariz. June 22, 2015) (concluding that because inmate's complaint was remedied by cell transfer further appeal was not required and remedies were exhausted).

Defendants focus on the fact that Plaintiff's grievances were not granted and argue that further appeals may be excused only when the grievance is granted. Defs.' Reply at 3-4. Defendants are correct that in *Brown*, the Ninth Circuit concluded that the inmate whose grievance was partially granted was not required to exhaust while the inmate whose grievance was denied was. *Id.* (discussing *Brown,* 422 F.3d 926). But as the *Brown* court makes clear, the denied grievance contained multiple issues, only some of which were the subject of a separate staff investigation,[2] and the inmate was instructed he needed to appeal separate issues. *Brown*, 422 F.3d at 941-42. That inmate also filed before the staff complaint was completed. *Id.* at 942. Those factors—not just the denial of the grievance—drove the finding of failure to exhaust.[3] *Id.* at 943. Here, the complaint centered on an alleged violation of Plaintiff's rights based on his cell assignment; that issue was resolved when he was moved to a different cell. There were no unresolved issues or investigation that needed to be completed. And there was no additional remedy for Plaintiff to seek.

---

[2] The staff investigation involved a claim of excessive force while the other allegations involved claims related to "lack of medical care and deprivation of property." *Brown*, 422 F.3d at 941.

[3] The *Brown* Court found specifically:

> Hall did not await the completion of the staff misconduct investigation before filing his complaint in district court. For that reason, as well as because his grievance and federal court complaint both address issues separate from the excessive force staff complaint as to which a full investigation was conducted, the defendants of his case have met their burden of demonstrating that Hall did not exhaust "such administrative remedies as are available."

*Id.* at 943.

However, the same is not true of Grievance #625215451 regarding the denial of recreation time. Sgt. Bittick responded to Plaintiff's Level 3 appeal on November 21, 2025—three days after Plaintiff's move to a new cell—and informed Plaintiff that he would not be eligible for recreation time until he "demonstrate[d] prolonged improved behavior." Bittick Decl. Ex. 102 at 5. Thus, Plaintiff's move to a new cell did not afford any measure of relief to resolve the issue raised by Grievance #625215451, and he was required to file a Level 4 appeal to exhaust this grievance. Plaintiff did not do so, and this claim is dismissed for failure to exhaust.

Finally, Plaintiff filed no grievances regarding unsanitary cell conditions or sleep deprivation caused by slamming doors day and night. *Id.* While Plaintiff filed a request regarding the cleanliness of his cell, he did not submit a formal grievance or appeal it to the highest available level in accordance with the Polk County Jail Grievance Procedure. Accordingly, these claims are likewise barred for failure to meet the PLRA exhaustion requirement.

**CONCLUSION**

Defendants' Motion for Summary Judgment (ECF No. 30) is DENIED in part and GRANTED in part and the parties' Motions to Strike (ECF Nos. 45, 46) are DENIED. Defendants' Motion for Summary Judgment is DENIED with respect to Plaintiff's claims alleging continuous indoor lighting and the denial of natural light in his cell between November 13 and 18, 2025. Defendants' Motion for Summary Judgment is GRANTED in all other respects and Plaintiff's claims alleging the denial of recreation time, unsanitary cell conditions, and sleep deprivation are hereby DISMISSED.

DATED this 21st day of October, 2026.

/s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge